# UNITED STATES DISTRICT COURT
for the
District of Vermont

United States of America

    v.                                        Crim. No.  2:23-cr-14-2

Christopher Purvis

## CRIMINAL PRETRIAL ORDER

**I.  NOTICE TO ALL COUNSEL**

Counsel for the defendant is directed to file a notice of appearance with the Clerk of the Court stating his/her mailing address and telephone number.

**II.  DISCOVERY**

    A.    <u>Discovery from Government</u>.  Within 14 days of arraignment, or on a date otherwise set by the Court for good cause shown, the government shall make available to the defendant for inspection and copying the following:

        1.    <u>Fed. R. Crim. P. 16(a) and Fed. R Crim. P. 12(b)(4) Information</u>.  All discoverable information within the scope of Rule 16(a) of the Federal Rules of Criminal Procedure, and a notice pursuant to Fed. R. Crim. P. l2(b)(4) of the government's intent to use this evidence, in order to afford the defendant an opportunity to file motions to suppress evidence.

        2.    <u>Brady Material</u>.  All information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment, within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963).

        3.    <u>Names and Addresses of Witnesses</u>.  A list of the names and address of all witnesses the government intends to call in its case-in-chief at trial.  If the government has substantial concerns about witness safety or intimidation, it may withhold the names and addresses of those witnesses about whom it has substantial concerns.  In the event names and/or addresses are withheld, the government must provide the defense with notice of the number of witnesses' names and/or addresses that are so withheld.

        4.      <u>Search Warrant Documents and Things</u>.  All warrants, applications with supporting affidavits, testimony under oath, returns and inventories for search and/or seizure of the defendant's person, property, or items with respect to which the defendant may have standing to move to suppress.

        5.      <u>Electronic Surveillance Documents and Things</u>.  Notice of any electronic surveillance conducted pursuant to 18 U.S.C. Chapter 119 that the defendant may have standing to move to suppress; all authorizations, applications, orders, returns, inventories, logs, transcripts, and recordings obtained pursuant to such surveillance.

B.    <u>Discovery from Defendant</u>.  Unless a defendant, in writing within five days of arraignment, affirmatively refuses discoverable materials under Fed. R. Crim. P. 16(a)(l)(C), (D), or (E), the defendant, within 21 days of arraignment, shall make available to the government all discoverable information within the scope of Fed. R. Crim. P. 16(b).  The defendant shall also make available to the government the names, addresses, and dates of birth of all witnesses it plans to call in its case-in-chief.

C.    <u>Notice Required of Defendant</u>.  Within 21 days of arraignment, the defendant shall provide written notice as required pursuant to Rules 12.1, 12.2, and 12.3.

D.    <u>Government Pretrial Disclosures</u>.  Not less than 14 days prior to the start of jury selection, or on a date otherwise set by the Court for good cause shown, the government shall provide to the defendant:

        1.      <u>Giglio Material</u>.  All material within the scope of *United States v. Giglio*, 405 U.S. 150 (1972), including but not limited to the following:

              a.      The existence and substance of any payments, promises of immunity, leniency, preferential treatment or other inducements made to any witness who will be testifying;

              b.      The substance of substantially inconsistent statements that a witness has made concerning issues material to guilt or punishment;

              c.      Any criminal convictions of a witness or other instances of misconduct, of which the government has knowledge and which may be used to impeach a witness pursuant to Fed. R. Evid. 608 and 609.

        2. <u>Federal Rule of Evidence 404(b) Notice</u>.  The government shall advise the defendant of its intention to introduce evidence in its case-in-chief at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence.  This requirement shall replace the defendant's duty to demand such notice.

E.     <u>Continuing Duty to Disclose</u>.  If, prior to or during trial, a party discovers additional evidence or material required to be provided or disclosed pursuant to this Order, such party shall promptly notify opposing counsel of the existence of the additional evidence or material and provide access to the evidence or material for inspection and copying.

F.     <u>Discovery Motions</u>.  No attorney shall file a discovery motion or a request for a bill of particulars (except a motion pursuant to Fed. R. Crim. P. 16(d)(l)) without first conferring with opposing counsel, and no motion will be considered by the Court unless it is accompanied by a certification of such conference stating the date, time and place of the conference, and the names of all participating parties.

## III. MOTIONS

Upon request of the defendant, motions are to be filed by **12/4/2023.**

Parties shall be advised that there will be no extensions except for extraordinary circumstances.  In such an event, the United States Attorney and defense counsel are hereby notified that no continuances or extensions will be granted under the Speedy Trial Act unless a motion or stipulation is filed that recites the appropriate exclusionary provision of the Speedy Trial Act, 18 U.S.C. § 3161.  In addition, the motion or stipulation must set forth the following:

A.     The facts upon which the Court can make a finding that would warrant the granting of the relief requested; and

B.     A statement that the defendant recognizes that any additional time granted will be excluded from computation under the Speedy Trial Act.

Counsel must also submit a proposed order setting forth the time to be excluded and the basis for the exclusion. If the exclusion affects the trial date of the action, the stipulation or proposed order must have a space for the Court to enter a new trial date in accordance with the excludable time period.  Requests for continuance or extension that do not comply with this Order will be disallowed by the Court.

If no motions are filed following the motions filing deadline, a pretrial conference will be noticed before the Honorable Christina Reiss.

IV. **EXPERT DISCLOSURES**

Within 7 days after the deadline for pretrial motions (if no motions are filed) or within 7 days after the resolution of any filed pretrial motions, the Court will set a status conference for the parties to discuss trial issues.  During the status conference, the Court will set deadlines for initial expert disclosures for experts the government or the defendant(s) intend to call in their cases-in-chief, as well as for rebuttal/responsive expert disclosures.  Expert disclosures submitted by the parties shall comply with all other requirements of Fed. R. Crim. P. 16(a)(1)(G) and 16(b)(1)(C).

V. **SPEEDY-TRIAL REQUIREMENTS**

Pursuant to 18 U.S.C. § 3161(h)(7), the Court finds, based on consultation between the parties concerning the complexity of the case and the need for the defense to review discovery, that the ends of justice are best served by granting an extension of time and outweigh the best interests of the defendant and the public to a speedy trial.  Denial of this extension of time would deprive counsel for the defendant and the attorney for the government the reasonable time necessary for the effective preparation of the case.

It is FURTHER ORDERED that the period of delay resulting from this extension of time shall be excludable in computing the time in which the trial in this case must commence pursuant to the Speedy Trial Act and this District's Plan for Prompt Disposition of Criminal Cases.  The time to be excluded as directed above shall commence on the date of arraignment and continue through the motions filing deadline.  THIS ORDER SHALL APPLY TO ALL CODEFENDANTS IN THIS CASE.

VI. **JURY-DRAW DATE**

This case should appear for jury draw on the next available trial calendar after the pretrial conference before the Honorable Christina Reiss.

VII. **SUBMISSIONS REQUIRED**

Within three days of the date fixed for trial, counsel for each party shall:

A. Exchange and file with the Court voir dire requests;

B. Exchange and file with the Court requests to charge, without prejudice to the parties' right to submit additional requests at the conclusion of the taking of evidence, the need for which was not apparent prior to trial.

C. Make every effort to enter into stipulations of fact, including stipulations as to the admissibility of evidence, thereby limiting the matters which are required to be tried; and

    D.    Exchange and file with the Court a proposed exhibit list (government to label exhibits numerically, e.g., Gov't 1, 2, 3, etc.; defendant to label exhibits alphabetically, e.g., Deft A, B, C, etc.).

## VIII. SENTENCING DISCOVERY

On the day objections to the draft presentence report are to be submitted, the government and the defendant shall turn over:

    A.    The names and addresses of witnesses who have not previously been disclosed and who will be called at the sentencing hearing, including the names and addresses of experts. The defendant shall provide the dates of birth of such witnesses. The government shall provide the criminal records, if any, of such witnesses.

    B.    All information within the scope of Fed. R. Crim. P. 16(a) and (b) which has not previously been disclosed and which relates to issues to be raised at the sentencing hearing.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 4th day of October 2023.

                                                */s/ Kevin J Doyle*
                                                United States Magistrate Judge